UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| WARREN ROBERT GREER | CIVIL ACTION NO. 10-1773-P |
| VERSUS | JUDGE HICKS |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Warren Robert Greer ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 12, 2010. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana and claims his civil rights were violated by prison officials. He names Jerry Goodwin, Chris Evans, Bruce Solomon, Lt. Causley, Lt. Heard, David Corbin, and Joey Williams as defendants.

Plaintiff claims that on May 31, 2010, his hand became caught in the cell door as Sgt. David Corbin was opening it. He claims he told Corbin three times "my arm" before he closed the door to release his hand from the cell door.

Plaintiff claims that he laid on the floor until the officers arrived. He claims Major Evans, Cpt. Simmon, Lt. Causley, Lt. Heard, and Sgt. Corbin placed handcuffs and leg irons

on him and picked him up without medical supervision.

Plaintiff claims the nurse told him that he would be transported the next morning for x-rays for his right arm. He claims he was never taken for x-rays. Plaintiff claims he filed a routine sick call to see medical regarding the x-rays. He claims he was not seen even though he gave the sick call sheet to Sgt. Corbin on June 1, 2010 at 5:45 a.m.

Plaintiff claims that when Nurse Bill came to the tier to see another inmate, he asked him to see him because his hand was completely numb. He claims Major Evans photographed his right arm.

Plaintiff admits he was seen by Dr. Fuller and given Tylenol for his injury. He claims he was not taken to the hospital for his injury. He claims he should have received treatment for a pinched nerve. He claims his injury interferes with his daily work-outs.

As relief, Plaintiff seeks an investigation into this matter. For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the

evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84

      After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he was seen by medical personnel on several occasions. He admits that after the accident he was seen by a nurse. He admits a picture was taken of his arm. He further admits that he was seen by Dr. Fuller and given Tylenol for pain on June 11, 2010, June 18, 2010, June 22, 2010, June 28, 2010, July 13, 2010, and August 6, 2010. Plaintiff's

complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in

fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of November 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE